UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL R. MEADE,

Plaintiff,

v. Case No: 6:22-cv-324-CEM-LHP

SECRETARY OF THE ARMY and ARMY BOARD FOR CORRECTION OF MILITARY RECORDS (ABCMR),

Defendants

---

REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW (Doc. No. 29)** |
| **FILED:** | **May 31, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND.

On February 11, 2022, Plaintiff, Michael R. Meade, appearing *pro se*, instituted the above-styled case against Defendants the Secretary of the Army ("Secretary")

and the Army Board for Correction of Military Records ("ABCMR"). Doc. No. 1. On Defendants' unopposed motion, Plaintiff's initial complaint, amended complaint, and all related attachments were stricken from the docket for containing personally identifiable information. *See* Doc. Nos. 10–11. Plaintiff thereafter filed a second amended complaint on April 15, 2022. Doc. No. 12. The second amended complaint was 38 pages in length, with an additional 107 pages of exhibits. Doc. No. 12, Doc. No. 12-1. The allegations therein stemmed from Plaintiff's service in the United States Army Reserve from 1979 to 1983, but the second amended complaint was difficult to follow, largely pleaded in a stream of consciousness format, and contained lengthy quotations from various exhibits. *Id.* Plaintiff appeared to be asserting a single claim under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq*. ("APA"), challenging the Army Board for Correction of Miliary Records' "final decision denying the application to upgrade [Plaintiff's] discharge from Other Than Honorable (OTH) to fully Honorable . . . ." Doc. No. 12, at 1–2.

Defendants filed a motion to dismiss or motion for more definite statement as it related to the second amended complaint, arguing that it constituted a shotgun pleading. Doc. No. 14. Plaintiff filed a response in opposition. Doc. No. 16. In addition, without leave of Court, Plaintiff filed a third amended complaint (which

Plaintiff titled "Second Amended Complaint With More Definite Statement"), which Defendants moved to strike over Plaintiff's objection. Doc. Nos. 15, 17–18.

The Court granted Defendants' motion to dismiss and motion to strike, dismissed the second amended complaint as a shotgun pleading, and ordered the third amended complaint stricken. Doc. No. 20. *See also* Doc. No. 19. The Court permitted Plaintiff to thereafter file a third amended complaint. Doc. No. 20.

On November 28, 2022, Plaintiff timely filed a third amended complaint, which was a 35-page document that included and referenced 58 pages of exhibits. Doc. No. 21. Unlike the second amended complaint, the third amended complaint was set forth in numbered paragraphs, but what Plaintiff was asserting was still not entirely clear, with Plaintiff citing to 28 U.S.C. § 1331, 5 U.S.C. § 552a, and the APA as the bases for the Court's jurisdiction, asserting various facts, and then including a statement to "see pages ____," which appeared to relate to the various exhibits in support. *Id.* Defendants again moved to dismiss as a shotgun pleading. Doc. No. 22. The Court granted the motion, dismissed the third amended complaint as a shotgun pleading, but allowed Plaintiff one final opportunity to replead. Doc. No. 25. *See also* Doc. No. 24.

Now before the Court is Plaintiff's fourth amended complaint. Doc. No. 26. The fourth amended complaint is a 25-page, 27-paragraph document, which contains a single claim under the APA, 5 U.S.C. §§ 701–06. *Id.* In it, Plaintiff

challenges the ABCMR's record of proceedings from June 8, 2021, "Docket Number: AR20180007621." *Id.* at 1. Plaintiff contends the ABCMR rendered a final decision on his application to correct his military records, granted only partial relief, and changed his discharge status from the Army from Under Other Than Honorable Conditions, to General (Under Honorable Conditions). *Id.*[1] Plaintiff claims that the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Id.*

According to the fourth amended complaint, Plaintiff enlisted in the United States Army Reserve on February 21, 1979, and served in both the Army Reserve and on active duty before he was honorably discharged on July 30, 1983. *Id.* at 2. On March 28, 1984, Plaintiff reenlisted for three years, and during that service received a permanent change of station to Greece. *Id.* at 2, 3. While stationed in Greece, on April 3, 1986, he departed absent without leave ("AWOL") from his unit. *Id.* at 8. On April 7, 1986, Plaintiff turned himself in to military authorities at Fort Belvoir, Virginia. *Id.* Plaintiff was ordered to return to Greece, but he refused that order. *Id.* at 13. Court-martial charges were thereafter preferred against Plaintiff. *Id.* at 13, 15, 20. In lieu of the court-martial charges, Plaintiff requested discharge

[1] "Defense Department and Army regulations provide that the character of service as reflected on discharge certificates shall be either 'Honorable, General (Under Honorable Conditions), or Under Other Than Honorable Conditions.'" *See Gay v. United States*, 93 Fed. Cl. 681, 683, n. 2 (2010) (citing, *inter alia*, Army Reg. 635–200).

for the good of the service.  *Id.* at 16–17, 19.  The request for discharge was approved on May 23, 1986, and Plaintiff was issued an "Under Other Than Honorable Conditions" discharge.  *Id.* at 18.  Plaintiff applied to the ABCMR on several occasions requesting upgrade of his discharge characterization (1989, 1999, 2007, and 2016), but each request was denied.  *Id.* at 20–22, 24.  On June 8, 2021, the ABCMR granted Plaintiff partial relief, however, and upgraded Plaintiff's discharge characterization from an "Under Other Than Honorable Conditions" discharge to "General, Under Honorable Conditions," while denying Plaintiff's request to upgrade his discharge to "Honorable."  *Id.* at 1, 24.  It is this 2021 decision with which Plaintiff takes issue, arguing that it was arbitrary and capricious for various reasons.  *Id.* at 1, 24–25.

Defendants move to dismiss the fourth amended complaint with prejudice, arguing that it remains a shotgun pleading, or alternatively, that it fails to state a claim under the APA.  Doc. No. 29.  Plaintiff opposes.  Doc. No. 30.  The motion has been referred to the undersigned, and the matter is ripe for review.  Upon consideration, I will respectfully recommend that the motion be denied, for the reasons discussed herein.

## II.  LEGAL STANDARD.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").[2]

[2] Here, Plaintiff does not include with the fourth amended complaint a copy of the 2021 ABCMR decision, although it is referenced throughout and was included with prior versions of his complaint. *E.g.*, Doc. Nos. 12-1, 15-1. Defendants submit a copy attached to their motion to dismiss. Doc. No. 29-1. The document is properly considered as incorporated by reference into the fourth amended complaint. *See Saunders*, 766 F.3d at 1270. *See also Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) (courts may "consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity").

I note that Plaintiff also submits several other exhibits with his response to the motion to dismiss, by which he appears to document his perceived inaccuracies in the ABCMR decision, as alleged in the fourth amended complaint. Doc. Nos. 30-1 through 30-21. The Court could also consider these documents as incorporated by reference into the fourth amended complaint, to the extent necessary to resolve the motion to dismiss. *See Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6016-Orl-31TBS, 2016 WL 3144103, at *1 (M.D. Fla. June 6, 2016), *aff'd*, 945 F.3d 1150 (11th Cir. 2019) (finding that rule regarding attachments to motions to dismiss "logically extends to documents attached to a plaintiff's response" (citation omitted)). However, given the recommendation herein that Defendants' contentions cannot be resolved by way of a Rule

"A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015).[3] There are four basic categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). Yet, "liberal construction is not the same thing as

---

12(b)(6) motion to dismiss, no further discussion of these attachments is included in this Report.

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1354 n.7 (11th Cir. 2007).

wholesale redrafting." *Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013). *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

**III. ANALYSIS.**

Upon consideration, I will recommend that the motion to dismiss on both grounds (shotgun pleading and failure to state a claim) be denied. *See* Doc. No. 29. First, I disagree with Defendants' contention that Plaintiff's fourth amended complaint remains a shotgun pleading. *See id.* at 10–11. Defendant argues that the fourth amended complaint is the second type of shotgun pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," because it contains conclusory assertions followed by "a superfluous discussion of plaintiff's military service, administrative history before the Army, and various other life events." *Id.* at 10.

Although perhaps unartfully pleaded, in contrast to the prior iterations of Plaintiff's complaint, the fourth amended complaint sets forth a single claim under the APA, 5 U.S.C. §§ 701–06, and Plaintiff identifies the specific ABCMR final decision with which he takes issue. Doc. No. 26. Defendants fail to explain how the fourth amended complaint is a "pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is" that Plaintiff is asserting,

*see Cramer v. State of Florida*, 117 F.3d 1258, 1261 (11th Cir. 1997), and this is particularly true given Plaintiff's *pro se* status, as well as Defendants' ability to address the merits of Plaintiff's allegations by way of a motion to dismiss. Accordingly, I will recommend that the Court decline to dismiss the fourth amended complaint as a shotgun pleading. *See, e.g.*, *Johnson v. EZX, LLC*, No. 3:16-cv-1249-J-PDB, 2017 WL 1386810, at *5 (M.D. Fla. Apr. 18, 2017) ("The amended complaint is not a shotgun pleading. Johnson has separated the counts by defendant and by cause of action, has specified which facts apply to each claim . . . ."); *Santana v. STCR Acquisition, LLC*, No. 2:16-cv-30-FtM-99CM, 2016 WL 1408039, at *2 (M.D. Fla. Apr. 11, 2016) ("Plaintiff's Amended Complaint is not a shotgun pleading. . . . [T]he amended Complaint is not confusing, incoherent, or clogged with irrelevant factual allegations. Plaintiff neatly separates his Amended Complaint into multiple sections . . . . The Amended Complaint provides Defendant with clear and concise notice of the . . . claims. This is especially true when the Amended Complaint is liberally construed based on Plaintiff's *pro se* status."); *Bunck v. King*, No. 2:10-cv-735, 2013 WL 12146523, at *2 (M.D. Fla. Mar. 4, 2013), *aff'd*, 530 F. App'x 905 (11th Cir. 2013) ("Although certainly not a model of clarity, the Third Amended Complaint is not a 'shotgun pleading.' A shotgun pleading is 'unintelligible, indecipherable, and replete with irrelevant facts, making it impossible for the defendants to know what [the plaintiff] is claiming, against

whom, and on what grounds.' In the Third Amended Complaint, Plaintiffs make an effort to separate out their allegations as to each Defendant and each cause of action. . . ." (citation omitted)).

Second, I will recommend that the Court deny the motion to dismiss insofar as Defendants argue that Plaintiff fails to state a claim for relief under the APA.

Under the APA, the Court reviews agency decisions to determine if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). *See also Wise v. Heddell*, No. CIV.A 509-CV-127(CAR, 2010 WL 2688730, at *7 (M.D. Ga. July 1, 2010) ("Decisions of a board for the correction of military records are subject to APA review." (citations omitted)). This standard "provides the reviewing court with very limited discretion to reverse an agency decision," *Warshauer v. Solis*, 577 F.3d 1330, 1335 (11th Cir. 2009) (quoting *City of Oxford v. FAA*, 428 F.3d 1346, 1351 (11th Cir. 2005)), and it is "exceedingly deferential," *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996). Administrative decisions "should be set aside in this context . . . only for substantial procedural or substantive reasons as mandated by statute, . . . not simply because the court is unhappy with the result reached." *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538–39 (11th Cir. 1990) (footnote omitted). "The reviewing court does not 'conduct its own investigation and substitute its own judgment for the administrative agency's decision.' Instead, the court is 'to decide, on the basis of

the record the agency provides, whether the action passes muster under the appropriate APA standard of review.'" *Melendez v. Sec'y, Dep't of Homeland Sec.*, 215 F. Supp. 3d 1266, 1268 (M.D. Fla. 2015) (quoting *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996)).[4] Given that APA claims are resolved based on the administrative record, APA claims are typically resolved on summary judgment. *See generally In re ACF Basin Water Litig.*, 554 F. Supp. 3d 1282, 1295 (N.D. Ga. 2021) ("Courts typically resolve APA challenges on summary judgment . . . .").

Here, Defendants contend that Plaintiff's fourth amended complaint fails to state a claim under the APA because: (1) Plaintiff's allegation that the agency action was arbitrary, capricious, or contrary to law is conclusory; (2) the facts alleged by Plaintiff supporting the APA claim have no bearing on whether the ABCMR engaged in reasoned decision-making; (3) Plaintiff fails to adequately demonstrate that the ABCMR's decision was not a rational one; (4) Plaintiff in essence asks the Court to reweigh the facts or conduct an independent investigation on his claim; and (5) the ABCMR's decision reflects that it "considered exactly what [P]laintiff

---

[4] Courts have determined that review of the decision of a military board of correction involves "an unusually deferential application of the 'arbitrary or capricious' standard" of the APA. *See Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989). This deferential standard "is calculated to ensure that the courts do not become a forum for appeals by every soldier dissatisfied" with military action against him, "a result that would destabilize military command and take the judiciary far afield of its area of competence." *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000).

asked it to consider," which was a reconsideration of the decision to upgrade Plaintiff's discharge status, citing various statements in the decision for support. Doc. No. 29, at 14–17.

Upon review, what Defendants essentially seek is a judgment in their favor on the merits of Plaintiff's APA claim. *See id.* But the Court cannot properly resolve Defendants' contentions by way of a Rule 12(b)(6) motion to dismiss, and in the absence of a complete administrative record.[5] *Cf. Penland v. Mabus*, 78 F. Supp. 3d 484, 495 (D.D.C. 2015) (denying motion to dismiss in APA case because "[w]ithout the administrative record, the Court has no basis to determine whether its decision should be upheld or reversed."). Instead, this matter should be resolved on a motion for summary judgment (or cross motions for summary

[5] I note that Plaintiff is alleging several factual inaccuracies or discrepancies in the ABCMR's decision. Doc. No. 26. Thus, to resolve Defendants' motion in their favor would require that the Court accept Defendants' apparent argument that there are no factual inaccuracies, that the factual inaccuracies were immaterial, or that the factual inaccuracies can never state a claim for relief under the APA as a matter of law. Defendants provide no legal authority supporting same, however. *See* Doc. No. 29. Moreover, given the allegations of the fourth amended complaint, as well as Plaintiff's response in opposition to the motion to dismiss, it does not appear that this matter may be resolved based on submission of the ABCMR's 2021 decision alone. *Cf. Vargus v. McHugh*, 87 F. Supp. 3d 298, 301 (D.D.C. 2015) ("[W]hen courts must determine whether the adjudicatory process was reasonable and whether the decision was consistent with Congressional intent[,] they must look to the administrative record. When recourse to the record is necessary, a court should have before it neither more nor less information than did the agency when it made its decision. To review less than the full administrative record might allow a party to withhold evidence unfavorable to its case and so the APA requires review of the whole record." (citations and quotation marks omitted)).

judgment) and upon the filing of the complete administrative record; the case law cited by Defendants in their motion to dismiss even supports same. *See Sierra Club v. Van Antwerp*, 526 F.3d 1353 (11th Cir. 2008) (reviewing grant of summary judgment on APA claim); *Pres. Endangered Areas of Cobb's Hist., Inc.*, 87 F.3d at 1246 (reviewing order on summary judgment and noting that the "focal point for judicial review of an administrative agency's action should be the administrative record"); *Rice*, 85 F.3d 535 (reviewing summary judgment); *Mathews v. USCIS*, 458 F. App'x 831 (11th Cir. 2012) (reviewing summary judgment); *Haselwander v. McHugh*, 774 F.3d 990 (D.C. Cir. 2014) (reviewing summary judgment); *Frizelle v. Slater*, 111 F.3d 172 (D.C. Cir. 1997) (reviewing summary judgment).[6]

---

[6] The other cases cited by Defendants support general legal propositions, but do not support Defendants' request to resolve this matter by way of a Rule 12(b)(6) motion to dismiss. *See Nat'l Mining Ass'n v. United Steel Workers*, 985 F.3d 1309 (11th Cir. 2021) (considering petition for review of agency final rule with administrative record); *Piersall v. Winter*, 435 F.3d 319 (D.C. Cir. 2006) (reversing dismissal for lack of subject matter jurisdiction and noting that subject matter jurisdiction existed under APA for judicial review of Board for Correction of Naval Records' decision); *N. Buckhead Civic Ass'n*, 903 F.2d 1533 (considering denial of the motion for an injunction); *Watson v. Arkansas Nat'l Guard*, 886 F.2d 1004, 1011 n.16 (8th Cir. 1989) (reversing judgment and merely noting the standards for an APA claim regarding seeking judicial review from decision of the ABCMR).

Defendants cite only one case decided in the context of a Rule 12(b)(6) motion to dismiss: *Velez-Duenas v. Swacina*, 875 F. Supp. 2d 1372 (S.D. Fla. 2012). *Velez-Duenas* concerned the denial of an immigrant visa petition, it does not appear that the contents of the administrative record were in dispute, and the plaintiff instead sought to challenge the agency's decision by submission of new evidence to the district court. *Id.* The court declined to consider evidence from outside the administrative record, and the plaintiff otherwise failed to state a claim in the complaint that the agency action was arbitrary,

In sum, Defendants' arguments are premature. *See Alford v. Harker*, No. 7:19-CV-140-FL, 2021 WL 518319, at *4 (E.D.N.C. Feb. 11, 2021) (finding same under similar circumstances). I express no opinion on the potential merits of Plaintiff's APA claim "when reviewed under the applicable standard in accordance with an administrative record," and instead, recommend "only at this juncture that [P]laintiff's claim is not procedurally in a posture to make such a determination." *See id.* Thus, I will recommend that the Court deny the motion to dismiss for failure to state a claim (Doc. No. 29), and order the parties to file a proposed case management schedule by a date certain for the filing of the complete administrative record and a briefing schedule for dispositive motions. *See generally* Local Rule 3.02(d)(2).

## IV. RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court **DENY** Defendants' Motion to Dismiss (Doc. No. 29), and order the parties to file a proposed case management schedule by a date certain for the filing of the complete administrative record and a briefing schedule for dispositive motions.

---

capricious, an abuse of discretion, or contrary to law. *Id.* at 1378–79. Thus, I find *Velez-Duenas* factually distinguishable, and note that it is otherwise not binding on this Court.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 25, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy